WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn: Peter A. Meisels, Esq. (PM-5018)
Lalit K. Loomba, Esq. (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x   07 Civ. 2916(CLB)
ARAZ ALALI,

                         Plaintiff,

  -against-

ALBERTO DeBARA, individually, KYLE
WILSON, individually, EDWARD AUSTIN,
individually, GEORGE MARSHALL,
individually, HUMBERTO MORRELL,
individually, MATTHEW BRADY, individually,
ANTHONY MUPRHY, individually, ROBERT
GAZZOLA, individually, PATRICK J.
CARROLL, individually, and the CITY OF NEW
ROCHELLE, New York,

                        Defendants.
-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

1571667.1

## Table of Contents

Table of Authorities .................................................................................................... ii

Introduction ................................................................................................................ 1

    POINT I    THE DUPLICATIVE CLAIMS AGAINST GAZZOLA,
                 CARROLL AND THE CITY SHOULD BE DISMISSED ........................ 2

    POINT II   THE TITLE VII CLAIMS SHOULD BE DISMISSED FOR
                 FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ................. 3

    POINT III  ALALI FAILS TO STATE A FIRST
                 AMENDMENT CLAIM OF RETALIATION ........................................... 4

    POINT IV  ALALI FAILS TO ALLEGE AN ADEQUATE CLAIM
                 UNDER 42 U.S.C. §1981 OR N.Y. EXECUTIVE LAW § 296 ................ 5

              A.   The Complaint Fails To Allege An Adverse Employment Action ...... 6

              B.   The Complaint Fails to Assert Personal Involvement
                  of the Individual Defendants ............................................................... 8

              C.   The Complaint Fails To Allege A Municipal Policy ......................... 11

Conclusion ................................................................................................................ 12

# Table of Authorities

**Cases**

*Banks v. State Univ. of New York,*
    2007 U.S. Dist. LEXIS 20529 (W.D.N.Y. Mar. 21, 2007) ............................................ 11

*Beverly v. 1115 Health & Benefit Fund,* 420 F. Supp.2d 47 (E.D.N.Y. 2005) ............... 6, 7

*Booker v. FRB of N.Y.,* 2003 U.S. Dist. LEXIS 3955 (S.D.N.Y. Mar. 17, 2003) ............... 7

*Curtis v. Citibank, N.A.,* 204 Fed. Appx. 929 (2d Cir. 2006) ............................................ 3

*Curtis v. Citibank, N.A.,* 226 F.3d 133 (2d Cir. 2000) .................................................. 2, 3

*DeFilippo v. New York State Unified Court Sys.,*
    2007 U.S. App. LEXIS (2d Cir. 2007) .......................................................................... 5

*DuBois v. Brookdale University Hospital and Medical Center,*
    29 A.D.3d 731, 732, 815 N.Y.S.2d 239, 240 (2d Dep't 2006 ...................................... 6

*DuBois v. Brookdale University Hospital and Medical Center,*
    29 A.D.3d 731, 815 N.Y.S.2d 239 ............................................................................ 6, 8

*Ifill v. United Parcel Service,*
    2005 U.S. Dist. LEXIS 5230 (S.D.N.Y. March 29, 2005) .......................................... 6, 8

*Jadoo v. The City of New York,*
    1997 U.S. Dist. LEXIS 14950 (S.D.N.Y. Sept. 29, 1997) ............................................ 12

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085 (2d Cir. 1993) ............... 6

*Oparaji v. New York City Dep't of Ed.,* 172 Fed. Appx. 352 (2d Cir. 2006 ..................... 2

*Patterson v. County of Oneida,* 375 F.3d 206 (2d Cir. 2004) ................................... 4, 11

*Roper v. Hynes,* 2006 U.S. Dist. LEXIS 69128 (S.D.N.Y. Sept. 27, 2006) ..................... 5

*Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134 (2d Cir.1993) ............................... 4

*Spear v. Town of West Hartford,* 954 F.2d 63 (2d Cir. 1992). ...................................... 11

*Valenzuela v. Riverbay Corp.,*
    2007 U.S. Dist. LEXIS 8848 (S.D.N.Y. Jan. 31, 2007) ................................................ 3

*Williams v. New York City Housing Auth.,* 458 F.3d 67 (2d Cir. 2006) ......................... 3

*Wilson v. New York City Dep't of Transp.*,
  2005 U.S. Dist. LEXIS 21620 (S.D.N.Y. Sept. 28. 2005)................................................. 8

*Wrighten v. Glowski*, 232 F.3d 119 (2d Cir. 2000)............................................................. 3

**Statutes**

42 U.S.C. § 1981................................................................................................................. 2, 5

42 U.S.C. § 1983................................................................................................................. 2

42 U.S.C. § 2000e............................................................................................................... 2

42 U.S.C. §§ 2000e-2000e-17............................................................................................. 3

N.Y. Executive Law § 296.................................................................................................. 6, 8

## Introduction

The defendants Alberto DeBara ("DeBara"), Kyle Wilson ("Wilson"), Edward Austin ("Austin"), George Marshall ("Marshall"), Humberto Morrell ("Morrell"), Matthew Brady ("Brady"), Anthony Murphy ("Murphy"), Robert Gazzola ("Gazzola"), Patrick J. Carroll ("Carroll") (collectively the "Individual Defendants") all of whom are sued in their individual capacities only, and the City of New Rochelle (the "City") respectfully submit this memorandum of law in support of their motion to dismiss the complaint.

The claims against Gazzola, Carroll and the City alleging retaliation against plaintiff Araz Alali ("Alali") for having filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") should be dismissed because they are the subject of a prior action (*Alali v. Gazzola*, 07 Civ. 1296) presently pending before this Court.

All of Alali's Title VII claims should be dismissed because he failed to exhaust his administrative remedies by obtaining a "right to sue" letter from the EEOC before commencing this action and his complaint includes matters unrelated to his pending EEOC charge. Further, any Title VII claims against the Individual Defendants should be dismissed because there is no individual liability for such violations.

Alali's First Amendment retaliation claim should be dismissed because neither his EEOC charge nor his prior pending action relate to matters of public concern.

Alali's Section 1981 and New York State Executive Law claims should be dismissed because he fails to allege an adverse employment action or the personal involvement of the Individual Defendants. His section 1981 and 1983 claims against the

City should be dismissed because he fails to assert that a municipal policy or custom resulted in the alleged improper acts of the Individual Defendants.

## POINT I

### THE DUPLICATIVE CLAIMS AGAINST GAZZOLA, CARROLL AND THE CITY SHOULD BE DISMISSED

A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000). Duplicative claims against the same defendants are properly dismissed. *Oparaji v. New York City Dep't of Ed.*, 172 Fed. Appx. 352, 355 (2d Cir. 2006).

Alali previously commenced an action against Gazzola, Carroll and the City asserting violations of his rights guaranteed by 42 U.S.C. § 2000e *et. seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1983 ("Alali I"). *See Alali v. Gazzola*, 07 Civ. 1296 (CLB); Exhibit A.[1] Plaintiff's claims in Alali I are based on his allegations that, on February 12, 2007, he filed a charge of discrimination with the EEOC (Alali I, ¶ 11), notified the Alali I defendants of the filing (Alali I, ¶ 12) and that, in retaliation for the filing of the EEOC charge, the Alali I defendants served him with disciplinary charges on February 15, 2007 (Alali I, ¶ 13). In this action ("Alali II"), plaintiff makes the same claims, based on the same facts against the same defendants: Gazzola, Carroll and the City. Specifically, Alali contends that on February 12, 2007 Carroll was made aware of the filing of the charge with the EEOC and that on February 15, 2007 Carroll and Gazzola, "while acting in concert," brought retaliatory disciplinary charges against Alali. Exhibit B (Alali II), ¶¶ 14-18.

---

[1] All Exhibits are annexed to the declaration of Peter A. Meisels, dated May 24, 2007.

2

Alali cannot take two bites at the same apple in view of the possibility of inconsistent results. Rather, any complaint subsequent to Alali I should be limited to events occurring after the filing of plaintiff's first complaint. *Curtis v. Citibank, N.A.*, 204 Fed. Appx. 929, 930 (2d Cir. 2006). Hence, the duplicative claims against Gazzola, Carroll and the City should be dismissed.

### POINT II

### THE TITLE VII CLAIMS SHOULD BE DISMISSED FOR FAILURE TO <u>EXHAUST ADMINISTRATIVE REMEDIES</u>

Before a plaintiff may bring suit under Title VII, 42 U.S.C. §§ 2000e-2000e-17, the claims forming the basis for the suit first must be presented to the EEOC and the claimant must receive a "Notice of Right to Sue" letter from the EEOC. *Williams v. New York City Housing Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). Further, individuals are not subject to liability under Title VII. *Wrighten v. Glowski*, 232 F.3d 119 (2d Cir. 2000).

Here, Alali never received a "Right to Sue" letter and his EEOC complaint does not reference any of the matters alleged in the Alali II complaint. Exhibits B and C. Focusing on the factual allegations made in the EEOC charge, it is clear that said charge did not give the EEOC adequate notice to investigate the matters alleged in the instant action. *Williams*, 458 F.3d at 70. The exhaustion of available administrative remedies is an "'essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply.'" *Valenzuela v. Riverbay Corp.*, 2007 U.S. Dist. LEXIS 8848, at * 6-7 (S.D.N.Y. Jan. 31, 2007), citing *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). Here, Alali did not do so.

In addition, Alali cannot bring Title VII claims against the Individual Defendants because individuals are not subject to personal liability under Title VII. *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). Even the Individual Defendants "'with supervisory control over [Alali] may not be held personally liable under Title VII.'" *Id.*, quoting *Tomka v. Seiler Corp*, 66 F.3d 1295, 1313 (2d Cir. 1995).

Hence Alali's Title VII claims should be dismissed.

### POINT III

### ALALI FAILS TO STATE A FIRST AMENDMENT CLAIM OF RETALIATION

"'When an employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of a personal interest . . . a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken . . . allegedly in reaction to the employee's behavior.'" *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 143 (2d Cir.1993), quoting *Connick v. Myers*, 461 U.S. 138, 147 (1983). For example, a complaint about "system-wide discrimination" could involve a matter of public concern. *Id.* However, where plaintiff's complaints are "personal in nature and generally related to [his] own situation," he fails to state a claim for a First Amendment violation. *Id.*, citing *Ezekwo v. NYC Health & Hospitals Corp.*, 940 F. 2d 775, 781 (2d Cir. 1993).

Here, Alali alleges that he was the victim of retaliation for filing an EEOC charge and commencing Alali I. Exhibit B (Alali II Complaint), ¶ 18. However, as in *Saulpaugh*, there is no indication that Alali wanted to "debate the issues" of discrimination against persons of Iraqi descent, that his EEOC charge or complaint in Alali I sought "relief against pervasive or systemic misconduct" by the City or its

employees, or that his suit was "part of an overall effort" to correct allegedly unlawful practices or bring them to public attention." *Saulpaugh*, 4 F.3d at 143, citing *Yatvin v. Madison Metro School Dist.*, 840 F.2d 412, 420 (7th Cir. 1988).

Rather, Alali's EEOC charge relates solely to his individual employment situation. He complains only about *his* work assignments, training, job performance evaluations and being investigated in response to civilian complaints against him. Exhibit C. These are not matters of "public concern." *DeFilippo v. New York State Unified Court Sys.*, 2007 U.S. App. LEXIS 9185, at * 2 (2d Cir. 2007). Similarly, Alali I relates solely to plaintiff's individual concerns. He complains about *his* work assignments, *his* specialized training, *his* required attendance at training seminars, *his* job evaluations, limitations on *his* use of police vehicles and investigations conducted in response to civilian complaints against *him*. None of these allegations relate to matters of political, social or other concern to the community. Instead, Alali complained only as an employee about matters of personal interest, not as a citizen about matters of public concern. *Roper v. Hynes*, 2006 U.S. Dist. LEXIS 69128, at * 23 (S.D.N.Y. Sept. 27, 2006).

## POINT IV

### ALALI FAILS TO ALLEGE AN ADEQUATE CLAIM UNDER 42 U.S.C. §1981 OR N.Y. EXECUTIVE LAW § 296

To set forth a *prima facie* claim under 42 U.S.C. §1981, a plaintiff must "allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e.,

make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085 (2d Cir. 1993). As part of a Section 1981 clai," a plaintiff must allege that he suffered a discriminatory adverse employment action." *Ifill v. United Parcel Service,* 2005 U.S. Dist. LEXIS 5230, at *9 (S.D.N.Y. March 29, 2005).

> A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment. A materially adverse change must be more disruptive than a mere inconvenience or an alteration of job responsibilities . . . [and] might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.

*Beverly v. 1115 Health & Benefit Fund,* 420 F. Supp.2d 47, 58 (E.D.N.Y. 2005) (internal quotes and citations omitted)

Claims asserted pursuant to N.Y. Executive Law § 296 are analyzed pursuant to the same criteria. *DuBois v. Brookdale University Hospital and Medical Center,* 29 A.D.3d 731, 732, 815 N.Y.S.2d 239, 240 (2d Dep't 2006

A. **The Complaint Fails To Allege An Adverse Employment Action**

In the instant case, Alali's complaint does not allege an adverse employment action as contemplated by Section 1981. The essence of the complaint is that Alali was forced to undertake undesirable assignments, for example, assignments that a probationary officer or un-sworn civilian service officer could otherwise perform. *See* Complaint, at ¶18. While these allegations, taken as true, establish that Alali was unhappy with his assignments, they are not sufficient to allege a violation of Section 1981.

6

1571667.1

In *Beverly v. 1115 Health & Benefit Fund,* 420 F. Supp.2d 47, 58 (E.D.N.Y. 2005), the plaintiff alleged that she suffered discrimination in violation of Section 1981 when (i) her supervisor pre-judged a co-worker's complaints against her and called a meeting without first discussing the complaints with plaintiff; (ii) supervisory duties were transferred from plaintiff's own clinic manager to another employee; (iii) the supervisor became aggressive and confrontational in communicating with plaintiff, finding fault in everything she did; and (iv) the supervisor launched a firm-wide e-mail criticizing plaintiff. *Id.* at 57-58. Nevertheless, the court held that plaintiff failed to establish an adverse employment action because she did not allege or show "any decrease in benefits, change in her title or any other indication of diminished responsibility or compensation." *Id.* at 58. Here, Alali has similarly not alleged any decrease in his compensation or change in title. Hence, the allegations in Alali's complaint "do not rise to the level of an 'adverse employment action' as contemplated by [Section] 1981." *Id.; see also Ifill v. United Parcel Service,* 2005 U.S. Dist. LEXIS 5230 (S.D.N.Y. Mar. 9, 2005); *Booker v. FRB of N.Y.,* 2003 U.S. Dist. LEXIS 3955 (S.D.N.Y. Mar. 17, 2003) (lateral transfers without decrease in pay or material changes in working conditions do not constitute an adverse employment action).

The only allegation that even remotely suggests an adverse employment action is the allegation that: "Gazzola issued to Plaintiff a calculatedly false memorandum describing him (Plaintiff) as 'below standard' and advising him that as a result of that status he was: barred from performing overtime work; forbidden to perform special duty assignments; forbidden to engage in tour switches with other officers; and precluded from consideration for any specialized unit assignments." Complaint, at ¶18(h). But even

assuming the truth of this allegation – *i.e.,* that Alali received a memo, dated March 22, 2007, advising him that he was barred from performing overtime work and special duty assignments – Alali has not alleged that, between March 22, 2007 and April 11, 2007 (the date he filed his complaint), he in fact sought overtime or special duty work and was refused such work, or that, as a result of intentional, racially-based discrimination, he received fewer overtime and/or special duty assignments during this period than similarly situated, non-minority officers. In the absence of such allegations, Alali has failed to allege a violation of Section 1981. *See Wilson v. New York City Dep't of Transp.,* 2005 U.S. Dist. LEXIS 21620, at *53-55 (S.D.N.Y. Sept. 28. 2005) (allegation of denial of overtime insufficient where plaintiff failed to allege he received less overtime relative to similarly-situated Caucasian employees).

For the reasons stated above, Alali has also failed to state a claim for violation of N.Y. Executive Law § 296. *DuBois,* 29 A.D.3d at 732, 815 N.Y.S.2d at 240.

**B.** **The Complaint Fails to Assert Personal Involvement of the Individual Defendants**

To assert a Section 1981 claim against an individual, a plaintiff "must demonstrate that the defendant was personally involved in the discrimination." *Ifill v. United Parcel Service,* 2005 U.S. Dist. LEXIS 5230, at *8 (S.D.N.Y. March 29, 2005) (citing *Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 75 [2d Cir. 2000]). In the instant case, Alali's complaint fails to allege that the Individual Defendants were personally involved in actionable conduct.

Regarding Lieutenant DeBara, the complaint alleges that he assigned Alali to a fixed post at a hospital, Complaint, at ¶18(a); assigned Alali to drive a utility vehicle, *id.,* at ¶18(c); and assigned Alali to a foot patrol in snowy weather, *id.* None of these

allegations constitute an adverse employment action for purposes of Section 1981. Significantly, Alali fails to allege that similarly situated, non-minority police officers were not given similar assignments.

Regarding Sergeant Wilson, the complaint alleges that he used profane language when Alali questioned him about why he had received a hospital post, although such language did not include racially-charged terms, Complaint, at ¶18(b); and that Wilson assigned Alali to work with civilian employees, *id.*, at ¶18(j). Again, even assuming the truth of these allegations, a single alleged use of profane language (that lacks any reference to racial identification), and assigning Alali to work with civilian employees does not deprive Alali of the benefits of his employment and thus does not constitute an adverse employment action for purposes of Section 1981. There is no allegation that Alali was singled out from non-minority members of the Police Department to be on the receiving end of a four-letter word, or to be assigned to work with civilian employees.

Regarding Sergeant Austin, the complaint alleges only that he told Alali that Alali was going to get undesirable assignments, Complaint, at ¶18(f), and that on April 7, 2007, Austin assigned Alali to perform certain civilian functions, *id.*, at ¶18(i). For the reasons set forth above, these allegations do not allege an adverse employment action.

Regarding Lieutenant Marshall, the complaint alleges only that he advised Sgt. Morrell to give Alali bad assignments because of his below-standard rating, Complaint, at ¶18(f). The complaint is devoid of any allegation that Lt. Marshall in fact gave any "bad" assignment to Alali, or that any specific officer did so at Lt. Marshall's behest. *Id.* The complaint therefore fails to allege the requisite personal involvement on the part of Lt. Marshall. It also fails to allege discriminatory intent or adverse employment action.

Regarding Sergeant Morrell, the complaint alleges only that when Alali asked Morrell why he was given a particular assignment, Sgt. Morrell replied, because "even though you are the most talented police officer you are not above scrutiny and I don't like you, ok, so hurry up and go outside. It's really cold out – bundle up." Complaint, at ¶18(e) The complaint also alleges that Morrell told Alali that Gazzolla and Marshall had directed him to give Alali "bad assignments." *Id.,* at ¶18(f). But the complaint does not allege that Morrell in fact gave Alali a bad assignment, or was otherwise personally involved. It also fails to allege that Morrell acted with discriminatory intent or that his actions resulted in an adverse employment action.

Regarding Sergeant Brady, the Complaint alleges only that after a separate officer (Sgt. Austin) had assigned Alai to work in the radio room, Sgt. Brady told Alali "you better get a good lunch at 800 [hours] since you won't be able to leave the [radio] room, good luck." Complaint, at ¶18(i). Besides proffering nutritional advice to Alali, which clearly does not violate Section 1981, the complaint does not allege any other conduct or personal involvement on the part of Sgt. Brady. It also fails to allege discriminatory intent or adverse employment action.

Regarding Deputy Police Commissioner Murphy, Captain Gazzola, and Police Commissioner Carroll, the Complaint alleges that they collectively agreed to prefer frivolous and retaliatory disciplinary charges against Alali. Complaint, at ¶16. This allegation fails to state a claim for which relief may be granted because (i) the causal link between the alleged adverse employment action and an improper discriminatory intent is not supported by even minimal facts, but rather based only upon a bald, conclusory allegation, *see Banks v. State Univ. of New York,* 2007 U.S. Dist. LEXIS 20529, at *12-

13 (W.D.N.Y. Mar. 21, 2007); and (ii) in any event, the preferment of disciplinary charges is protected by absolute immunity. *Spear v. Town of West Hartford*, 954 F.2d 63, 66 (2d Cir. 1992).

Alali further alleges that "in furtherance of Defendants' retaliatory plan," Deputy Commissioner Murphy, with Carroll's and Gazzola's approval, intentionally withheld from Alali college tuition reimbursement which resulted in Alali being $17,000 in arrears to Iona College. Complaint, at ¶19. Even assuming the truth of this allegation,[2] it fails to state a claim for which relief may be granted because the causal link between the alleged adverse employment action and an improper discriminatory intent is supported only by a conclusory allegation. *See Banks*, 2007 U.S. Dist. LEXIS 20529, at *12-13.

### C. The Complaint Fails To Allege A Municipal Policy

As is the case in a Section 1983 claim, to assert a Section 1981 claim against a municipality, a plaintiff "is required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). To plead adequately a municipal policy or custom, a plaintiff must allege that "a discriminatory practice of municipal officials was so persistent or widespread as to constitute a custom or usage with the force of law, or that a discriminatory practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Id.* (internal quotes omitted).

---

[2] This allegation is demonstrably untrue. City records show that on January 24, 2007, Iona College issued an invoice to Alali in the amount of $7,942.00 (not $17,000); that a voucher in the amount of $5,714.00 for payment to Iona College for the City's share of Alali's tuition was issued on February 15, 2007; and that the City issued a check in that amount (Check No. 104570) on March 23, 2007. *See* Meisels Decl., at Ex. D.

11

1571667.1

In the instant case, the complaint is devoid of allegations sufficient to establish the existence of a municipal policy or custom. The allegations in the complaint relate only to a limited series of events between the period February 21, 2007 and April 8, 2007. *See Jadoo v. The City of New York,* 1997 U.S. Dist. LEXIS 14950, at *18-22 (S.D.N.Y. Sept. 29, 1997) (rejecting Section 1981 claim against municipality for failure to allege a municipal policy). Therefore, Alali has failed to allege a municipal policy or practice, and his claims under Sections 1981 and 1983 must be dismissed as against the City of New Rochelle.

## Conclusion

For the reasons stated herein, the complaint should be dismissed.

Dated: White Plains, New York
       May 24, 2007

>                     Respectfully submitted,
>
>                     WILSON, ELSER, MOSKOWITZ,
>                     EDELMAN & DICKER LLP
>                     Attorneys for Defendants
>
>                     By: Peter A. Meisels (PM-5018)
>
>                     3 Gannett Drive
>                     White Plains, NY 10604
>                     (914) 323-7000
>                     File No. 07367.00059

*Of Counsel*:
Peter A. Meisels, Esq.
Lalit K. Loomba, Esq.