WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn: Peter A. Meisels, Esq. (PM-5018)
   Lalit K. Loomba, Esq. (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x   07 Civ. 2916
ARAZ ALALI,

               Plaintiff,

   -against-

ALBERTO DeBARA, individually, KYLE       **ANSWER**
WILSON, individually, EDWARD AUSTIN,
individually, GEORGE MARSHALL,
individually, HUMBERTO MORRELL,
individually, MATTHEW BRADY, individually,
ANTHONY MUPRHY, individually, ROBERT
GAZZOLA, individually, PATRICK J.
CARROLL, individually, and the CITY OF NEW
ROCHELLE, New York,

               Defendants.
-----------------------------------------------------------x

    Alberto DeBara ("DeBara"), Kyle Wilson ("Wilson"), Edward Austin ("Austin"),

George Marshall ("Marshall"), Humberto Morrell ("Morrell"), Matthew Brady

("Brady"), Anthony Murphy ("Murphy"), Robert Gazzola ("Gazzola"), Patrick J. Carroll

("Carroll") and the City of New Rochelle (the "City"), by their attorneys Wilson, Elser,

Moskowitz, Edelman & Dicker LLP:

    1.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations included in ¶ 1 of the complaint.

1622683.1

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 2 of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 3 of the complaint, except admit that plaintiff Araz Alali is a police officer employed by the City.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 4 of the complaint, except admit that DeBara is employed by the City as a Lieutenant.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 5 of the complaint, except admit that Wilson is employed by the City as a Sergeant.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 6 of the complaint, except admit that Austin is employed by the City as a Sergeant.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 7 of the complaint, except admit that Marshall is employed by the City as a Lieutenant.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 8 of the complaint, except admit that Morrell is employed by the City as a Sergeant.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 9 of the complaint, except admit that Brady is employed by the City as a Sergeant.

1622683.1

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 10 of the complaint, except admit that Murphy is employed by the City as a Deputy Police Commissioner.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 11 of the complaint, except admit that Gazzola is employed by the City as a Captain.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 12 of the complaint, except admit that Carroll is employed by the City as a Police Commissioner.

13. Deny the truth of the allegations included in ¶ 13 of the complaint, except admit that the City is a municipal corporation.

14. Deny the truth of the allegations included in ¶ 14 of the complaint, except admit that correspondence from plaintiff's counsel was addressed to Carroll and respectfully refer the Court to the document itself for its contents.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 15 of the complaint, and respectfully refer the Court to the document itself for its contents.

16. Deny the truth of the allegations included in ¶ 16 of the complaint.

17. Deny the truth of the allegations included in ¶ 17 of the complaint.

18. Deny the truth of the allegations included in each and every portion of ¶ 18 of the complaint.

1622683.1

19. Deny the truth of the allegations included in ¶ 19 of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff is in arrears on his tuition payments.

20. Deny the truth of the allegations included in ¶ 20 of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff is sick and sore.

21. Repeat and reallege as if fully set forth the responses contained in ¶¶ "1" to "20" herein.

22. Deny the truth of the allegations included in ¶ 22 of the complaint.

23. Repeat and reallege as if fully set forth the responses contained in ¶¶ "1" to "22".

24. Deny the truth of the allegations included in ¶ 24 of the complaint.

25. Repeat and reallege as if fully set forth the responses contained in ¶¶ "1" to "24"

26. Deny the truth of the allegations included in ¶ 26 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. .Plaintiff failed to exhaust his administrative remedies.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. Plaintiff failed to serve a timely notice of claim.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Plaintiff fails to sate a cause of action for which relief may be granted against the defendants.

1622683.1

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

30. Plaintiff failed to secure a "right to sue" letter from the U.S. Equal Employment Opportunity Commission before commencement of this action.

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

31. Defendants DeBara, Wilson, Austin, Marshall, Morrell, Brady, Murphy, Gazzola and Carroll are protected by absolute immunity.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

32. Defendants DeBara, Wilson, Austin, Marshall, Morrell, Brady, Murphy, Gazzola and Carroll are protected by qualified immunity.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

33. The alleged actions of the individual defendants were not taken pursuant to a policy or custom of the City of New Rochelle.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE

34. There is a prior pending action (07 Civ. 1296) against the City, Carroll and Gazzola regarding the same subject.

35. Plaintiff may not maintain two actions on the same subject in the same court against the same defendants at the same time.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE

36. Plaintiff's claims are time-barred.

1622683.1

WHEREFORE, the Defendants respectfully demand a judgment:

a) dismissing the complaint with prejudice, and

b) awarding costs, fees, disbursements and counsel fees to the Defendants.

Dated: White Plains, New York
July 30, 2007

> Yours, etc.
>
> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP
> Attorneys for Defendants
>
> By: _____
> Peter A. Meisels (PM-5018)
> 3 Gannett Drive
> White Plains, New York 10604
> (914) 323-7000
> File No.: 07367.00059

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

Marilyn Harriott, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County;

That on the 30th day of July, 2007, deponent served the within document(s) entitled Answer upon:

LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, NY 10605
Attn: Jonathan Lovett, Esq.

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
Marilyn Harriott

Sworn to before me this
30th day of July, 2007

_____
Notary Public

LALIT K. LOOMBA
Notary Public, State of New York
No. 60-5006806
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires Jan. 11, 20__

1622674.1