WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:  Peter A. Meisels (PM-5018)
       Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X   07 Civ. 2916 (CLB)
ARAZ ALALI,                                                    :

                Plaintiff,                                  :

    -against-                                                 :

ALBERTO DeBARA, individually, KYLE WILSON,                     :   **DECLARATION OF**
individually, EDWARD AUSTIN, individually,                         **LALIT K. LOOMBA, ESQ.**
GEORGE MARSHALL, individually, HUMBERTO                        :
MORRELL, individually, MATTHEW BRADY,
individually, ANTHONY MUPRHY, individually,                    :
ROBERT GAZZOLA, individually, PATRICK J.
CARROLL, individually, and the CITY OF NEW                     :
ROCHELLE, New York,
                                                               :
                Defendants.
-------------------------------------------------------------- X

      LALIT K. LOOMBA, an attorney admitted to practice law before the Courts of the State of New York and the United States District Court for the Southern District of New York, hereby declares under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

      1.    I am an associate with the firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP. I submit this declaration in support of the motion by defendants Alberto DeBara, Kyle Wilson, Edward Austin, George Marshall, Humberto Morrell, Matthew Brady, Anthony Murphy, Robert Gazzola, Patrick J. Carroll (the "Individual Defendants") and the City of New Rochelle (the "City") (collectively, the "Defendants"), for summary judgment.

1977079.1

1.     Annexed hereto as **Exhibit A** is copy of the complaint in *Araz Alali v. Robert Gazzola, Patrick J. Carroll, Individually, City of New Rochelle, New York,* 07 Civ. 1296 (CLB) (hereinafter, "*Alali I*").

2.     Annexed hereto as **Exhibit B** are pertinent pages from the deposition of plaintiff Araz Alali ("Alali") taken in *Alali I.*

3.     Annexed hereto as **Exhibit C** is a copy of the Rule 56.1 Statement submitted by defendants in *Alali I* in support of the motion for summary judgment filed in that case.

4.     Annexed hereto as **Exhibit D** is a copy of the affirmation of Alali's attorney, Jonathan Lovett, Esq., submitted in opposition to the defendants' motion for summary judgment filed in *Alali I.* No other documents were submitted in opposition to the defendants' motion.

5.     Annexed hereto as **Exhibit E** is a copy of the Court's (Brieant, *J.*) order granting the motion for summary judgment filed by the defendants in *Alali I*.

6.     Annexed hereto as **Exhibit F** is a copy of a stipulation withdrawing Alali's appeal from the Order (Ex. E) granting summary judgment to defendants in *Alali I.*

7.     Annexed hereto as **Exhibit G** is a copy of the complaint in the above-captioned action (hereinafter, "*Alali II*").

8.     Annexed hereto as **Exhibit H** is a copy of the Court's (Brieant, *J.*) order denying the defendants' motion to dismiss the complaint in *Alali II* pursuant to Rule 12(b)(6).

9.     Annexed hereto as **Exhibit I** is a copy of the defendants' answer in *Alali II.*

10.    Annexed hereto as **Exhibit J** are copies of pertinent pages from Alali's deposition in *Alali II.* The deposition was taken on two separate dates, and were separately paginated. References to the first date are to "Part I" and are contained in the first half of the Exhibit, while references to the second date are to "Part II" and are located in the second half of the Exhibit.

11. Annexed hereto as **Exhibit K** is a copy of the complaint in *Araz Alali v. City of New Rochelle,* 07 Civ. 9912 (CLB) (hereinafter, "*Alali III*").

12. Annexed hereto as **Exhibit L** is a copy of the complaint in *Araz Alali v. City of New Rochelle,* 08 Civ. 4273 (CLB) (hereinafter, "*Alali IV*").

13. Annexed hereto as **Exhibit M** is a letter from the New Rochelle Police Department ("NRPD") appointing Alali as a police officer.

14. Annexed hereto as **Exhibit N** is a NRPD command discipline report under which Alali received a letter of reprimand.

15. Annexed hereto as **Exhibit O** is a copy of Section 8.2 of the NRPD Rules and Regulations.

16. Annexed hereto as **Exhibit P** is NRPD command discipline report under which Alali received a letter of reprimand.

17. Annexed hereto as **Exhibit Q** is a copy of Section 1.5 of the NRPD Rules and Regulations.

18. Annexed hereto as **Exhibit R** is a copy of a NRPD command discipline report under which Alali lost one (1) leave day.

19. Annexed hereto as **Exhibit S** is a copy of Section 1.9 of the NRPD Rules and Regulations.

20. Annexed hereto as **Exhibit T** is a NRPD command discipline report under which Alali received a letter of reprimand.

21. Annexed hereto as **Exhibit U** is a copy of Chapter 2, Article 2.03, of the NRPD Manual of Procedure.

1977079.1

22. Annexed hereto as **Exhibit V** is a NRPD command discipline report under which Alali lost two (2) leave days.

23. Annexed hereto as **Exhibit W** is a copy of Section 2.3 of the NRPD Rules and Regulations.

24. Annexed hereto as **Exhibit X** is a command discipline report under which Alali was offered the loss of one (1) leave day, in lieu of formal disciplinary charges and a hearing, for an incident occurring on June 15, 2006.

25. Annexed hereto as **Exhibit Y** is a copy of the charges and specifications against Alali signed by Captain Robert Gazzola on February 15, 2007.

26. Annexed hereto as **Exhibit Z** is a copy of a DVD taken from the patrol car driven by Alali during the incident on June 15, 2006.

27. Annexed hereto as **Exhibit AA** is a copy of Article 2.11 of the NRPD Manual of Procedure.

28. Annexed hereto as **Exhibit BB** is a copy of the charges and specifications against Alali signed by Captain Robert Gazzola on September 11, 2007.

29. Annexed hereto as **Exhibit CC** is a copy of the Hearing Officer's Findings of Fact and Recommendations on the disciplinary charges signed February 15, 2007 (Ex. Y).

30. Annexed hereto as **Exhibit DD** is a copy of Alali's performance evaluation for the period November 26 through December 31, 2004.

31. Annexed hereto as **Exhibit EE** is a copy of the "letter of counsel" dated September 29, 2005.

32. Annexed hereto as **Exhibit FF** is a copy of Alali's performance evaluation for the period January 1 through December 31, 2005.

33. Annexed hereto as **Exhibit GG** is a copy of Alali's interim performance evaluation for the period January 1 through May 31, 2006.

34. Annexed hereto as **Exhibit HH** is a copy of Alali's performance evaluation for the period January 1 through December 31, 2006.

35. Annexed hereto as **Exhibit II** is a copy of Alali's interim performance evaluation for the period January 1 through May 31, 2007.

36. Annexed hereto as **Exhibit JJ** is a copy of a memorandum from Captain Gazzola dated July 25, 2007.

37. Annexed hereto as **Exhibit KK** is a copy of Section 13.1 from the NRPD Administrative Manual.

38. Annexed hereto as **Exhibit LL** are relevant pages from the agreement between the City of New Rochelle and the New Rochelle Police Association effective January 1, 2005.

39. Annexed hereto as **Exhibit MM** is a copy of memorandum for Alali seeking permission to participate in the NRPD's tuition reimbursement program.

40. Annexed hereto as **Exhibit NN** is a copy of memorandum for Alali seeking permission to participate in the NRPD's tuition reimbursement program.

41. Annexed hereto as **Exhibit OO** is a copy of memorandum for Alali seeking permission to participate in the NRPD's tuition reimbursement program.

42. Annexed hereto as **Exhibit PP** is a copy of memorandum for Alali seeking permission to participate in the NRPD's tuition reimbursement program.

43. Annexed hereto as **Exhibit QQ** is a copy of memorandum for Alali seeking permission to participate in the NRPD's tuition reimbursement program.

44.  Annexed hereto as **Exhibit RR** is a copy of memorandum for Alali seeking permission to participate in the NRPD's tuition reimbursement program.

45.  In connection with a civilian action entitled *Edwin Veras v. City of New Rochelle, City of New Rochelle Police Department, Araz Alali, and John and Jane Doe 1 through 10*, Docket No. 07 Civ. 1172, the City of New Rochelle agreed to pay a monetary settlement to resolve the case subject to approval of the New Rochelle City Council.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2008.

Lalit K. Loomba