

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ARAZ ALALI,

                Plaintiff,

    - against -

ALBERTO DeBARA, individually, KYLE WILSON,
individually, EDWARD AUSTIN, individually,
GEORGE MARSHALL, individually,
HUMBERTO MORRELL, individually,
MATTHEW BRADY, individually,
ANTHONY MURPHY, individually,
ROBERT GAZZOLA, individually,
PATRICK J. CARROLL, individually, and the
CITY OF NEW ROCHELLE, New York,

                Defendants.
------------------------------------------------------------x

07 Civ. 2916 CLB)

*Memorandum and Order*

Brieant, J.

    Before the Court for decision is a motion to dismiss submitted by the defendants Alberto DeBara ("DeBara"), Kyle Wilson ("Wilson"), Edward Austin ("Austin"), George Marshall ("Marshall"), Humberto Morrell ("Morrell"), Mathew Brady ("Brady"), Anthony Murphy ("Murphy"), Robert Gazzola ("Gazzola"), Patrick J. Carroll ("Carroll") (collectively the "Individual Defendants") all of whom are sued in their individual capacities only, and the City of New Rochelle (the "City"). (Doc. 17). The motion was heard and fully submitted for decision on July 13, 2007.

    The following facts are taken from the complaint, unless otherwise specified, and are assumed to be true for the purposes of this motion only.

-1-

Plaintiff is of Iraqi national origin, and claims that he is the only Police Officer of Middle Eastern descent who has ever been employed by the City of New Rochelle. Plaintiff claims that he has suffered, and continues to suffer, discriminatory acts in connection with his employment as a New Rochelle Police Officer. This is the second lawsuit he has filed in regard to this alleged discrimination.

On February 21, 2007, Plaintiff began the first of his two actions in this Court, by filing a complaint against defendants Gazzola, Carroll and the City of New Rochelle, alleging violations of his rights as guaranteed by 42 U.S.C. § 2000e et seq (Title VII), and 42 U.S.C. § § 1981, 1983. *Alali v. Gazzola, et al*, 07-Civ. 1296 (CLB) ("*Alali I*"). In that complaint, Plaintiff alleged discriminatory and disparate treatment on account of his national origin, ethnicity and color. Plaintiff alleged that because of this treatment, he filed a Charge of Discrimination with the EEOC. Plaintiff further alleged that, after Defendants were made aware of the EEOC charge, Defendants agreed to retaliate against Plaintiff, by filing a series of frivolous disciplinary charges, causing him further injury.

On April 11, 2007, Plaintiff filed the instant action, alleging continuing violations of his rights under Title VII, §§ 1981, 1983, and in addition, New York State Executive Law § 296. ("*Alali II*"). Plaintiff brought this action against the additional Defendants who bring the instant motion to dismiss. Plaintiff alleges in *Alali II* that, among other things, he continues to suffer from Defendants' discriminatory conduct, as well as retaliatory conduct for his filing of the EEOC complaint and *Alali I*.

Defendants make several arguments in support of their motion to dismiss. They argue that the claims against Gazzola, Carroll and the City, alleging retaliation against Plaintiff for having filed a charge of discrimination, should be dismissed, because are the subject of a prior action, *(Alali)*, and are therefore improperly duplicative. Defendants also argue that Plaintiff's Title VII claims should be dismissed because he failed to obtain a "right to sue" letter from the EEOC, and therefore failed to exhaust his administrative remedies. Defendants argue that Plaintiff's §1981 and New York State Executive Law claims should be dismissed because he fails to allege an adverse employment action or the personal involvement of the Individual Defendants. Finally, Defendants argue that the § 1981 and § 1983 claims against the City should be dismissed because Plaintiff fails to assert that a municipal policy or custom resulted in the alleged improper acts of the Individual Defendants. The Court will address each of these arguments in turn below.

*"Duplicative" Claims Against Gazzola, Carroll and the City*

Defendants argue that in the present complaint, Plaintiff has made the same claims against the same parties, based upon the same facts, as he did in the *Alali I* complaint. They argue that Plaintiff is seeking a tactical advantage, in exposing Defendants to the possibility of inconsistent results. The Court disagrees.

Plaintiff has alleged a continuing series of retaliatory conduct on the part of the Defendants in both actions. In *Alali II*, Plaintiff alleges that, as a result of his filing the EEOC complaint and *Alali I*, he has been subject to new and additional instances of discrimination and

retaliation. Defendants Gazzolla, Carroll and the City argue that Plaintiff bases his retaliation claims against them on the same facts as he did in an earlier, pending case. However, the only duplicative elements in the second complaint are by way of background. Presumably, Plaintiff is not attempting to collect damages twice on these duplicative facts. When trial readiness has been achieved, the Court will consider whether there should be consolidation of the cases, or a joint trial.

*Exhaustion of Administrative Remedies*

Defendants argue that all of Plaintiff's Title VII claims alleged in *Alali II* should be dismissed, because 1) Plaintiff has failed to obtain a "Notice of Right to Sue" letter from the EEOC, as is required by the statute; and 2) the allegations in *Alali II* are not referenced in the EEOC complaint. Our Court of Appeals has explained that the prerequisites for a Title VII claim are as follows:

> "Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency. In addition, the claimant must make the EEOC filing within 300 days of the alleged discriminatory conduct and, before bringing suit, must receive a 'Notice of Right to Sue' letter from the EEOC."
>
> *Williams v. New York City Housing Authority*, 458 F.3d 67, 69 (2d Cir. 2006)

As to the first contention, Plaintiff does not appear to dispute that he has failed to obtain an EEOC "Notice of Right to Sue." This presents an infirmity in the First Action only, which if not corrected promptly could result in dismissal of *Alali I*.

As to the retaliation claims in this case, our Court of Appeals has held that "jurisdiction exists over Title VII claims only if they have been included in an EEOC charge '*or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge.*'"*Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002) (emphasis added) (quoting the district Court opinion *Alfano v. Costello,* 940 F.Supp. 459, 467 (N.D.N.Y. 1996) (Pooler, J.)) The absence of a right to sue letter for the original charge is not jurisdictional as to subsequent events alleged as reasonably related to the original charges.

Plaintiff's EEOC Charge of Discrimination alleged discrimination based on his national origin. He stated that he was referred to as, *inter alia* "Ali Baba", "terrorist", and "Ali". He also alleged a series of discriminatory acts such as false accusations of wrongdoing, false characterizations of his work as below standard, and multiple job assignments that were meant to punish and humiliate him. These are exactly the types of discriminatory acts as are alleged in *Alali II*, and therefore are "reasonably related" for Title VII purposes. So much of this motion which seeks to dismiss the retaliation allegations is denied.

*Sufficiency of Claims Under § 1981 and § 296 et seq of New York State Executive Law*

Defendants argue that Plaintiff has failed to allege an adequate claim under either 42 U.S.C. § 1981, or New York State Executive Law § 296. They argue that the complaint fails to allege an adverse employment action, as is required for both claims. They also argue that the complaint fails to state a claim against the individual defendants, because it fails to allege sufficient personal involvement of the individual defendants. Finally, they claim that the

complaint fails to state a § 1981 against the City, because it fails to show that the alleged discriminatory acts were done pursuant to a municipal policy or custom. The Court will address each of these claims in turn.

Our Court of Appeals has held that, "[t]o establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)" *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Claims brought under N.Y. Executive Law § 296 are analyzed pursuant to the same criteria. *DuBois v. Brookdale University Hosp. and Medical Center*, 29 A.D.3d 731, (2d Dep't. 2006).

Defendants argue that Plaintiff has failed to show that he was subject to an adverse employment action. Our Court of Appeals has held that:

> "Adverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." *Id.* We also have held that lesser actions may meet the adversity threshold, but we have not explicitly defined what quantum of lesser actions constitutes an adverse employment action. *Morris v. Lindau,* 196 F.3d 102, 110 (2d Cir.1999)...We are extremely mindful that a merely discourteous working environment does not rise to the level of First Amendment retaliation. However... [o]ur precedent allows a combination of seemingly minor incidents to form the basis of a constitutional retaliation claim once they reach a critical mass. *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002)

In this case, Plaintiff has clearly stated facts sufficient to state a claim of adverse

employment actions for the purposes of a motion to dismiss. Some of these facts, all of which must be taken as true, include the assignment to inferior posts and diminished responsibilities, such as the following: 1) assignment to a fixed hospital post which is normally assigned to either probationary and/or junior officers under circumstances where there were at least four probationary officers who should have received the assignment instead; 2) a "utility car" which is a "degrading assignment usually reserved for probationary officers and/or junior officers"; 3) a fixed foot patrol post, in the snow, where probationary officers were available to and would normally serve; 4) an assignment to work with a civilian despite the availability of four probationary officers who would normally serve in such a post; (5) an assignment where Plaintiff was told "you are an Arab and its Easter. Camel jockeys don't celebrate Easter." Plaintiff has sufficiently plead the personal involvement of movants for the purposes of this motion. Plaintiff alleges that, in response to Plaintiff's inquiry as to why he was assigned to a foot patrol assignment, Defendant DeBara stated "because we can, we could put you anywhere Bin Laden." (*Alali II*, ¶ 18(d)).

Plaintiff alleges that Defendants Morrell and Austin gave him inferior assignments. Defendant Morrell told Plaintiff "I don't like you, ok, so hurry up and go outside. It's really cold out, bundle up." (*Alali II*, ¶ 18(e) and (f).) Defendant Austin told Plaintiff "It looks like you are going backwards like in the good old times." (*Alali II*, ¶ 18(I).) After this comment, Plaintiff alleges that Defendant Brady added Plaintiff "better get a good lunch" because he wouldn't "be able to leave the radio room." *Alali II*, ¶ 18 (I).) Plaintiff alleges that Defendant Marshall personally condoned the retaliatory acts directed at Plaintiff, while Defendants Murphy, Gazzola

-7-

and Carroll jointly acted in concert to prefer bogus disciplinary charges against Plaintiff.

These allegations, as pleaded, are sufficiently plead to defeat the motion to dismiss.

*Absolute Immunity*

Defendants argue that the alleged agreement of Commissioner Murphy, Captain Gazzola, and police Commissioner Carroll to prefer charges against Plaintiff is entitled to absolute immunity. Assuming that to be true, these factual allegations yet bear on motive and intent as to the other claimed adverse actions.

Our Court of Appeals has held that the doctrine of absolute immunity is meant to "protect officials from personal liability for the performance of certain discretionary acts. Such immunity extends to prosecutors; to executive officers initiating administrative proceedings; to government attorneys defending civil suits; and to government attorneys who initiate civil suits." *Spear v. Town of West Hartford*, 954 F.2d 63, 66 (2d Cir. 1992). However, the Court of Appeals has also stated that a different situation arises where the official acts "as a supervisor of public employees" *Dobosz v. Walsh*, 892 F.2d 1135, 1139 (2d Cir. 1989). As the Supreme Court has held:

> a judge who hires or fires a probation officer cannot meaningfully be distinguished from a district attorney who hires and fires assistant district attorneys, or indeed from any other Executive Branch official who is responsible for making such employment decisions. Such decisions, like personnel decisions made by judges, are often crucial to the efficient operation of public institutions (some of which are at least as important as the courts), yet no one suggests that they give rise to absolute immunity from liability in damages under § 1983.

-8-

*Forrester v. White*, 484 U.S. 219, 229 (1988).

*Claims Against the City*

Defendants argue that the claims against the City should be dismissed because Plaintiff has not shown that the alleged discriminatory acts were performed pursuant to a municipal policy or custom. "Where an official has final authority over significant matters involving the exercise of discretion, the choices he makes represent government policy." *Rookard v. Health and Hospitals Corp.*, 710 F.2d 41, 45 (2d Cir. 1983). Plaintiff argues that "at a very minimum, the claim against the City should not be dismissed due to the acts of the three policy making Defendants." These, according to Plaintiff, are Murphy (Deputy Police Commissioner), Gazzola (Police Captain), and Carroll (Police Commissioner.)

The motion is denied.

X

        X

     X

          X

            X

SO ORDERED.

Dated: White Plains, New York
July 19, 2007

*Charles L. Brieant* (signature)
Charles L. Brieant, U.S.D.J.

SO ORDERED.

Dated: White Plains, New York
      July 19, 2007

*[signature]*
Charles L. Brieant, U.S.D.J.