UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

ARAZ ALALI,

                Plaintiff,             07 Civ. (  )

   -against-

                                        COMPLAINT

CITY OF NEW ROCHELLE, New York,

                                     Jury Trial Demanded
             Defendant.      07 CIV. 9912

------------------------------------------------------x

      Plaintiff ARAZ ALALI, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting from violations of Plaintiff's rights as guaranteed by 42 U.S.C. §2000e *et. seq.*

## JURISDICTION

2. On February 12, 2007, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. On August 24, 2007, the EEOC duly issued to him a Notice of Right to Sue.

## THE PARTIES

3. Plaintiff ARAZ ALALI is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this

1

complaint he was employed as a Police Officer by the Defendant, having previously been employed as such by *inter alia* the City of New York. Plaintiff is of Iraqi national origin, has a dark complexion, and is the only Police Officer of Middle Eastern descent who has ever been employed by the Defendant.

4 Defendant CITY OF NEW ROCHELLE, New York, is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of that State.

## THE FACTS

5. Commencing almost immediately following Plaintiff's February 2002 transfer to the Defendant's Police Department, and continuing to date, he has been systematically and deliberately subjected to discriminatory and disparate treatment by reason of his national origin, ethnicity and/or color.

6. In that connection Plaintiff has, to Defendant's knowledge and/or at Defendant's direction and/or with Defendant's active encouragement and condonation, been:

    a. Repeatedly addressed as: "terrorist"; "Ali Baba", "Camel Jockey" and *inter alia*, "Ali",

    b. Repeatedly denied any meaningful specialized training, which training is routinely provided by Defendant to Police Officers junior to Plaintiff in seniority,

    c. Forced to attend a seminar concerning "Tools for Tolerance Post 911", which assignment was calculated by Defendant to humiliate and embarrass Plaintiff since

he alone has been the departmental target of systemic intolerance by reason of his ethnicity,

    d. Systematically given calculatedly false "below standard" job performance evaluations (when in fact his job performance has consistently been above average), replete with fabrications and/or falsehoods, which evaluations have served as Defendant's predicate for barring Plaintiff from working on an overtime basis - - thus causing him substantial pecuniary losses,

    d. Assigned periodically for months at a time as a "dispatcher" in the Police Department's Communications Room - - even though the dispatcher function is civilian in nature and otherwise performed by non-police employees of the Department,

    e. Forced to work walking posts during a midnight to 8:00 a.m. tour of duty, in heavy rain and/or snow, when there otherwise is no walking post assigned on such a shift,

    f. Forbidden, for substantial periods of time, to operate a police vehicle,

    g. Forbidden, for substantial periods of time, to interact with members of the public while on duty,

    h. Prohibited, by reason of the false "below standard" job performance evaluations, to engage in so-called "mutual switches" of job duty assignments with other sworn members of the Police Department,

    i. Subjected repeatedly to "investigations" of supposed wrong doing under circumstances where no wrong doing occurred and Defendant knew that no wrong doing had occurred,

j. For substantial periods of time being restricted to issuing parking tickets on one street in the City for the purpose of humiliating and degrading him,

k. Following the filing of Plaintiff's related cases [Alali v. Gazzola, 07 Civ. 1296 (CLB) and Alali v. DeBara, 07 Civ. 2916 (CLB)], twice subjecting him to suspensions without pay in connection with the preferal of disciplinary charges that the Commissioner of Police has repeatedly admitted were retaliatory and being prosecuted because of Plaintiff's filing of the related cases, and, ultimately,

l. Permanently assigning him to work as a *de facto* civilian in the role of dispatcher.

7. By reason of Defendant's intentional discriminatory and/or retaliatory treatment of Plaintiff he has been: caused substantial pecuniary damages in terms of lost pay and amongst other matters lost pension contributions; irreparable damage by reason of multiple "breaks in service" attributable to repeated payless suspensions; pecuniary damages resulting from his having to defend against the retaliatory disciplinary charges; pecuniary damages and damage to his credit rating due to Defendant's retaliatory refusal to pay college tuition costs with respect to which the City is obligated to make such payments; publicly embarrassed; publicly humiliated; rendered anxious; caused emotional upset; suffered a gross impairment of his professional career; publicly degraded; and otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

8. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

9. Under the premises Defendants' conduct and/or retaliatory conduct violated Plaintiff's rights as guaranteed by 42 U.S.C. §2000e *et seq.*

WHEREFORE a judgment is respectfully demanded:

a. Awarding such compensatory damages as the jury may determine,

b. Awarding reasonable attorney's fees and costs, and,

c. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
November 6, 2007

LOVETT & GOULD, LLP
By: _____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

5