

STATE OF NEW YORK
CITY OF NEW ROCHELLE

------------------------------------X

In the Matter of the Disciplinary Charges
Preferred by

CAPTAIN ROBERT GAZZOLA,

            Charging Party,

  - against -

POLICE OFFICER ARAZ ALALI,

            Respondent.

------------------------------------X

**CHARGES AND SPECIFICATIONS**

    Pursuant to applicable provisions of law, disciplinary charges are hereby preferred against you as follows:

### CHARGE I – MISCONDUCT

#### Specification 1

#### Reckless Operation of a Department Vehicle

    Rule 8.2 of the Rules and Regulations of the City of New Rochelle Police Department provides, in part, that members of the Department will operate Department vehicles in a careful and prudent manner in accordance with all Vehicle and Traffic laws and Departmental

DEFENDANT'S EXHIBIT



procedures, giving highest priority to the safety and welfare of the general public and to avoiding injuries to persons or damage to property. On or about June 15, 2006 at approximately 1220 hours, while operating Department vehicle RC #18 in or near Pershing Square, you responded to a request for assistance made by other New Rochelle police officers who were making or attempting to make an arrest on Pintard Avenue. While responding to Main Street and Pintard Avenue, you were driving at a high rate of speed and proceeded through a red light at the intersection of Huguenot Street and Division Avenue without slowing down. While at the intersection of Huguenot Street and Centre Avenue, you drove up onto the sidewalk in front of 330 Huguenot Street, although it did not appear necessary to do so. Your reckless operation of a Department vehicle constitutes misconduct in violation of Rule 8.2 of the Rules and Regulations of the City of New Rochelle Police Department.

## Specification 2

### Reckless Operation of a Department Vehicle

Rule 8.2 of the Rules and Regulations of the City of New Rochelle Police Department provides, in part, that members of the Department will operate Department vehicles in a careful and prudent manner in accordance with all Vehicle and Traffic laws and Departmental procedures, giving highest priority to the safety and welfare of the general public and to avoiding injuries to persons or damage to property. On or about June 15, 2006 at approximately 1220 hours, while operating Department vehicle RC #18 in or near Pershing Square, you responded to a request for assistance made by other New Rochelle police officers who were making or attempting to make an arrest on Pintard Avenue. While responding to Main Street and Pintard Avenue, you were driving at a high rate of speed and proceeded through a red light at the

intersection of Huguenot Street and Division Avenue without slowing down. Before you reached the intersection of Huguenot Street and Centre Avenue, you and all other responding units were advised twice by the officers already on the scene that the incident was under control, and a road supervisor advised that anyone not already on the scene should disregard and resume patrol. Despite this, you continued to respond to the call and while at the intersection of Huguenot Street and Centre Avenue, you drove up onto the sidewalk in front of 330 Huguenot Street, although it did not appear necessary to do so. Your reckless operation of a Department vehicle after being advised that assistance was no longer necessary and to disregard the call and resume patrol constitutes misconduct in violation of Rule 8.2 of the Rules and Regulations of the City of New Rochelle Police Department.

### CHARGE II – MISCONDUCT

#### Specification 1

#### Failure to Log On To Video Camera

Articles 2.11 and 2.12 of the Department's Manual of Procedure provides that when an officer is assigned a Department vehicle with an in car video camera system, he/she must log on to the camera system at the commencement of his/her tour of duty. On or about September 16, 2006 you were assigned to Department vehicle RC #18, which is equipped with an in car video camera system. At approximately 0830 hours on that date, you performed a traffic stop opposite 301 North Avenue, during which you claim that the motorist became violent and attempted to strike you. You radioed for assistance and the motorist was arrested and charged with Assault. You received a minor injury to your right arm. When the Department attempted to view the

3

video of the traffic stop, there was no video to view because you failed to log on to the vehicle's video camera system. The video camera system in Department vehicle RC # 18 was functioning properly on that date and there was no malfunction. Your failure to log on to the video camera system at the beginning of your tour as required is a failure to adhere to established Department policies and procedures and constitutes misconduct in violation of Rule 1.1 of the Rules and Regulations of the City of New Rochelle Police Department.

### CHARGE III – MISCONDUCT

#### Specification 1

#### Leaving Designated Area of Patrol

Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department provides in part that members assigned to a designated patrol area may not leave their designated area of patrol except for police necessity, personal necessity or meal period. During the period June 3, 2006 through September 12, 2006, your designated area of patrol was North Avenue between Hamilton Avenue and Main Street. Although you were advised that you were to remain within your designated area of patrol, on numerous occasions you issued parking violation summonses outside of your designated patrol area, including but not limited to the following dates: 6/3/06, 6/6/06, 6/8/06, 6/9/06, 6/12/06, 6/20/06, 7/10/06, 7/14/06, 7/15/06, 7/21/06, 7/23/06, 7/24/06, 7/27/06, 8/3/06, 8/4/06, 8/5/06, 8/9/06, 8/10/06, 8/11/06, 8/12/06, 8/15/06, 8/18/06, 8/22/06, 8/24/06, 8/28/06, 8/29/06, 8/30/06, 8/31/06, 9/3/06, 9/4/06, 9/9/06, 9/10/06, 9/11/06 and 9/12/06. Your actions constitute misconduct in violation of Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department.

4

## Specification 2

### Leaving Designated Area of Patrol

Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department provides in part that members assigned to a designated patrol area may not leave their designated area of patrol except for police necessity, personal necessity or meal period. During the period June 3, 2006 through September 12, 2006, your designated area of patrol was North Avenue between Hamilton Avenue and Main Street. Although you were advised that you were to remain within your designated area of patrol, on numerous occasions you issued Uniform Traffic Tickets outside of your designated patrol area, including but not limited to the following dates: 6/16/06, 6/20/06, 7/14/06, 7/15/06, 7/17/06, 7/21/06, 7/23/06, 7/24/06, 7/27/06, 8/2/06, 8/3/06, 8/4/06, 8/9/06, 8/16/06, 8/18/06, 8/22/06 and 9/11/06. Your actions constitute misconduct in violation of Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department.

## Specification 3

### Insubordination

Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department provides in part that members assigned to a designated patrol area may not leave their designated area of patrol except for police necessity, personal necessity or meal period. During the period June 3, 2006 through September 12, 2006, your designated area of patrol was North Avenue between Hamilton Avenue and Main Street. Although you were advised that you were to remain within your designated area of patrol, on numerous occasions you issued parking violations summonses and Uniform Traffic Tickets outside of your designated patrol area, including but not



limited to the following dates: 6/3/06, 6/6/06, 6/8/06, 6/9/06, 6/12/06, 6/16/06, 6/20/06, 7/10/06, 7/14/06, 7/15/06, 7/17/06, 7/21/06, 7/23/06, 7/24/06, 7/27/06, 8/2/06, 8/3/06, 8/4/06, 8/5/06, 8/9/06, 8/10/06, 8/11/06, 8/12/06, 8/15/06, 8/16/06, 8/18/06, 8/22/06, 8/24/06, 8/28/06, 8/29/06, 8/30/06, 8/31/06, 9/3/06, 9/4/06, 9/9/06, 9/10/06, 9/11/06 and 9/12/06. Although you were advised several times after you were assigned the above-stated designated area of patrol that this behavior is unacceptable, you continued to go outside of your designated patrol area. Your actions constitute insubordination.

### CHARGE IV – MISCONDUCT

#### Specification 1

#### Failure to Maintain Memorandum Book

Rule 1.28 of the Rules and Regulations of the City of New Rochelle Police Department provides, in part, that all sergeants, uniformed detectives, police officers and non-sworn uniformed personnel assigned to street duty will be provided with a memorandum book and that on each tour of duty the day, date, tour, post assigned, weather conditions, meal period, special assignments, local alarms and a complete and accurate accounting of all duty performed and post conditions will be entered into the memorandum book. During the period June 9, 2006 through September 3, 2006 you were assigned to street duty. During this same period of time, you made only 5 entries in your memorandum book. Your failure to maintain your memorandum book constitutes misconduct in violation of Rule 1.28 of the Rules and Regulations of the City of New Rochelle Police Department.



## CHARGE V - MISCONDUCT

### Specification 1

### Failure To Call Out On Meal Period/Off Post

Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department provides in part that members assigned to motorized patrol, foot patrol or a fixed post may not leave their designated area of patrol except for police necessity, personal necessity or meal period, that prior to leaving an assignment for personal necessity or meal period supervisory approval must first be obtained, and that when an officer calls out of service he/she must notify the dispatcher of the reason and his/her location. On September 10, 2006 your designated area of patrol was North Avenue between Hamilton Avenue and Main Street. On that date you left your designated area of patrol to take a meal period, but failed to obtain supervisory approval to leave your post and failed to advise the Department that you were leaving your post. Your actions constitute misconduct in violation of Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department.

### Specification 2

### Insubordination

Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department provides in part that members assigned to motorized patrol, foot patrol or a fixed post may not leave their designated area of patrol except for police necessity, personal necessity or meal period, that prior to leaving an assignment for personal necessity or meal period supervisory approval must first be obtained, and that when an officer calls out of service he/she must notify the dispatcher of the reason and his/her location. On September 10, 2006 your designated area of

patrol was North Avenue between Hamilton Avenue and Main Street. On that date you left your designated area of patrol to take a meal period, but failed to obtain supervisory approval to leave your post and failed to advise the Department that you were leaving your post. On or about November 22, 2002 you received a letter of reprimand for a violation of Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department for being off your assigned post and at another diner in the City of New Rochelle. Your conduct on September 10, 2006 after being warned about similar misconduct in the past constitutes insubordination.

You are entitled to answer the above charges. The answer is due eight (8) days after the charges are served upon you, not counting the day you receive the charges. The answer should be served upon Captain Gazzola at his office at the City of New Rochelle Police Department.

You are entitled to a hearing on the charges and to be represented by an attorney. A transcript will be made of the proceedings and you should be prepared at the hearing to present such witnesses and other proof as you have in your defense against the charges.

You will be advised of the time and place of the hearing. If you are found guilty of the above charges, the penalty or punishment imposed upon you may consist of dismissal from the Department, demotion in grade or title, suspension without pay, a fine, or a reprimand. The penalty being sought is a 30-day suspension without pay. All future correspondence regarding this matter will be served upon you at your last address on file with the Department unless you advise me to the contrary.

Dated: 2/15/07

CAPTAIN ROBERT GAZZOLA

8