STATE OF NEW YORK
CITY OF NEW ROCHELLE

*AA*

---------------------------------------------x
In the Matter of Disciplinary Charges
Preferred by

CAPT. ROBERT GAZZOLA,

            Charging Party,            CHARGES AND
                                                    SPECIFICATIONS

  - against –

POLICE OFFICER ARAZ ALALI,

            Respondent.
---------------------------------------------x

TO: Police Officer Araz Alali

Pursuant to Section 75 of the Civil Service Law of the State of New York, the Rules and Regulations of the New Rochelle Police Department, and the New Rochelle Police Department's Manual of Procedure, disciplinary charges are hereby preferred against you as follows:

Charge 1 - MISCONDUCT

Specification 1 - FAILURE TO PROPERLY MAINTAIN AND MAKE REQUIRED ENTRIES IN A DEPARTMENT ISSUED MEMORANDUM BOOK

Rule 1.29 of the Rules and Regulations of the City of New Rochelle Police Department provides, in part, that all sergeants, uniformed detectives, police officers and non-sworn uniformed personnel assigned to street duty will be provided with a memorandum book and that on each tour of duty, the day, date, tour, post assigned, weather conditions, meal period, special assignments, local alarms and a complete and accurate accounting of all duty performed and post conditions will be entered into the memorandum book. You failed to make required entries properly documenting conditions, your assignments and your activities on your tours of duty on May 11, 16, 17, 21, 22, 23, 24, and 29, 2007. Your failure to properly maintain and make such required entries in your department issued memorandum book constitutes misconduct in violation of Rule 1.29 of the Rules and Regulations of the City of New Rochelle Police Department.


DEFENDANT'S EXHIBIT Q

AA

Specification 2 - INSUBORDINATION

Rule 1.29 of the Rules and Regulations of the City of New Rochelle Police Department provides, in part, that all sergeants, uniformed detectives, police officers and non-sworn uniformed personnel assigned to street duty will be provided with a memorandum book and that on each tour of duty, the day, date, tour, post assigned, weather conditions, meal period, special assignments, local alarms and a complete and accurate accounting of all duty performed and post conditions will be entered into the memorandum book. You failed to make required entries properly documenting conditions, your assignments and your activities on your tours of duty on May 11, 16, 17, 21, 22, 23, 24, and 29, 2007. On or about February 15, 2007, you were served with formal disciplinary charges, including a charge that you had failed to maintain your memorandum book on dates in 2006. Your failure to properly maintain and make required entries in your department issued memorandum book despite the fact that you have previously been subjected to disciplinary charges for such conduct constitutes insubordination.

Charge 2 - MISCONDUCT

Specification 1 - LEAVING YOUR DESIGNATED AREA OF PATROL

Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department provides in part that members assigned to a designated patrol area may not leave their designated area of patrol except for police necessity, personal necessity or meal period. On July 4, 2007 you were working on the second tour (0800-1600 hrs.) and assigned to and working a motorized patrol assignment in Sector 6. On or about 0933 hrs, you were observed traveling southbound on Pinebrook Boulevard near Albert Leonard Road in Sector 8 and approximately two miles from your designated area of patrol in Sector 6. You did not leave your designated area of patrol for a police necessity, personal necessity or meal period; and, you did not request nor did you receive supervisory approval to leave your designated area of patrol. Your leaving your designated area of patrol for any reason other than police necessity, personal necessity or meal period and without obtaining supervisory approval prior to leaving constitutes misconduct in violation of Rule 1.5 of the Rules and Regulations of New Rochelle Police Department.

Specification 2 - INSUBORDINATION

Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department provides in part that members assigned to a designated patrol area may not leave their designated area of patrol except for police necessity, personal necessity or meal period. On July 4, 2007 you were working on the

2

*AA*

second tour (0800-1600 hrs.) and assigned to and working a motorized patrol assignment in Sector 6. On or about 0933 hrs you were observed traveling southbound on Pinebrook Boulevard near Albert Leonard Road in Sector 8 and approximately two miles from your designated area of patrol in Sector 6. You did not leave your designated area of patrol for a police necessity, personal necessity or meal period; and, you did not request nor did you receive supervisory approval to leave your designated area of patrol. On or about February 15, 2007, you were served with formal disciplinary charges, including a charges of misconduct and insubordination on the grounds that you had left your designated area of patrol in violation of Rule 1.5 of the Rules and Regulations of the City of New Rochelle Police Department. Your leaving your designated area of patrol for any reason other than police necessity, personal necessity or meal period and without obtaining supervisory approval prior to leaving despite the fact that you have previously been subjected to disciplinary charges for such conduct constitutes insubordination.

Charge 3 - MISCONDUCT

Specification 1 - FAILURE TO PROPERLY AND PROMPTLY ANSWER THE RADIO

Rule 1.9 of the Rules and Regulations of the City of New Rochelle Police Department provides that members of the Department are responsible for properly and promptly answering the radio. On July 4, 2007 you were working on the second tour (0800-1600 hrs) and assigned to and working motorized patrol assignment in Sector 6. At or around 0922 hrs the police communications dispatcher transmitted a radio communication dispatching you to the report of a dispute at 106 Winthrop Avenue in Sector 6. You did not answer this communication. The communications dispatcher called you approximately nine more times over a period of approximately five minutes. You did not acknowledge until the dispatcher's tenth call to you at or around 0927 hrs. Your failure to properly and promptly answer the radio constitutes misconduct in violation of Rule 1.9 of the Rules and Regulations of the City of New Rochelle Police Department.

Charge 4 - MISCONDUCT

Specification 1 - FAILURE TO PROPERLY MAINTAIN AND MAKE REQUIRED ENTRIES IN A DEPARTMENT ISSUED MEMORANDUM BOOK

Rule 1.29 of the Rules and Regulations of the City of New Rochelle Police Department provides, in part, that all sergeants, uniformed detectives, police officers and non-sworn uniformed personnel assigned to street duty will be provided with a memorandum book and that on each tour of duty, the day, date,

*AA*

tour, post assigned, weather conditions, meal period, special assignments, local alarms and a complete and accurate accounting of all duty performed and post conditions will be entered into the memorandum book. On July 4, 2007 you were assigned to and worked the second tour (0800-1600 hrs) in Sector 6. You failed to make any entry in your memorandum book for your meal period and for three incidents to which you were assigned on July 4, 2007. Your failure to enter your meal period and three incidents to which you were assigned on July 4, 2007 constitutes misconduct in violation of Rule 1.29 of the Rules and Regulations of the City of New Rochelle Police Department.

Specification 2 - INSUBORDINATION

Rule 1.29 of the Rules and Regulations of the City of New Rochelle Police Department provides, in part, that all sergeants, uniformed detectives, police officers and non-sworn uniformed personnel assigned to street duty will be provided with a memorandum book and that on each tour of duty, the day, date, tour, post assigned, weather conditions, meal period, special assignments, local alarms and a complete and accurate accounting of all duty performed and post conditions will be entered into the memorandum book. On July 4, 2007 you were assigned to and worked the second tour (0800-1600 hrs) in Sector 6. You failed to make any entry in your memorandum book for your meal period and for three incidents to which you were assigned on July 4, 2007. On or about February 15, 2007, you were served with formal disciplinary charges, including a charge that you had failed to maintain your memorandum book on dates in 2006. Your failure to properly maintain and make required entries in your department issued memorandum book for July 4, 2007 after receiving formal disciplinary charges in which you were charged with engaging in similar misconduct constitutes insubordination.

Charge 5 - MISCONDUCT

Specification 1 - LEAVING YOUR HOME WHEN ON SICK LEAVE FOR THE PERIOD OF TIME YOU WERE SCHEDULED TO BE ON DUTY WITHOUT AUTHORIZATION OF THE DESK OFFICER

Rule 6.15 of the Rules and Regulations of the City of New Rochelle Police Department provides in part that a member of the Department shall not leave his home or place of confinement when on sick leave or injured leave for the period of time he or she was scheduled to be on duty without authorization of the Desk Officer. On August 14, 2007 you were scheduled to work and were working in a patrol assignment on the second tour (0800-1600 hrs). On or about 0925 hrs you advised your supervisor that you were ill and unable to complete your tour of duty. You were relieved of duty and placed on sick leave. You left Police Department Headquarters. Later that morning, while you were still scheduled to be on duty, you left your home without authorization of the Desk Officer and

AA

traveled to 222 Bloomingdale Road, White Plains, New York. Your leaving your home when on sick leave during the time you were scheduled to be on duty without the authorization of the Desk Officer constitutes misconduct in violation of Rule 6.15 of the Rules and Regulations of the City of New Rochelle Police Department.

You are entitled to answer the above charges. The answer is due eight (8) days after the charges are served upon you, not counting the day you receive the charges. The answer should be served on Captain Robert Gazzola at his office at 475 North Avenue, New Rochelle, N.Y. 10801, no later than 4:30 P.M. on that date.

You are entitled to a hearing on the charges and to be represented by an attorney. A transcript will be made of the proceedings and you should be prepared at the hearing to present such witnesses and other proof as you have in your defense against the charges.

You will be advised of the time and place of the hearing. If you are found guilty of the above charges, the penalty or punishment imposed upon you may consist of dismissal from the Department, demotion in grade or title, suspension without pay, a fine, or a reprimand. All future correspondence regarding this matter will be served upon you at your last address on file with the Department unless you advise me to the contrary.

Dated: 9/11/07

Captain Robert Gazzola