WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:   Peter A. Meisels (PM-5018)
       Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X   07 Civ. 2916 (CLB)

ARAZ ALALI,                                 :

                Plaintiff,               :

    -against-                     :

ALBERTO DeBARA, individually, KYLE WILSON,   :   **AFFIDAVIT OF DET.**
individually, EDWARD AUSTIN, individually,          **LT. GARY ROBINSON**
GEORGE MARSHALL, individually, HUMBERTO  :
MORRELL, individually, MATTHEW BRADY,
individually, ANTHONY MUPRHY, individually,  :
ROBERT GAZZOLA, individually, PATRICK J.
CARROLL, individually, and the CITY OF NEW   :
ROCHELLE, New York,

                                     :

              Defendants.
--------------------------------------------------------------------- X

STATE OF NEW YORK      )
                        ) ss#
COUNTY OF WESTCHESTER  )

    GARY ROBINSON, being duly sworn, deposes and says:

    1.    I am a Detective Lieutenant with the New Rochelle Police Department ("NRPD"),

and am currently assigned as the Supervisor of the NRPD's Internal Affairs Unit.  I was

appointed to this position when Det. Lt. James Fortunato retired in April 2008.

    2.    I have personal knowledge of the facts set forth below based upon my review of

the NRPD's records.

3.     On September 13, 2006, a citizen named Edwin Veras ("Veras") filed a civilian complaint (#64/06) against Police Officer Araz Alali. Veras alleged that on September 12, 2006, Alali had placed him under arrest in retaliation for prior incidents, including a civilian complaint (#59/06) that Veras had filed against Alali on August 11, 2006.

4.     Veras drove a Federal Express delivery truck. In the September 12, 2006 arrest, Officer Alali issued four (4) separate summonses to Veras: (i) failure to obey an officer; (ii) failure to display his driver's license; (iv) failure to obey a traffic symbol; and (iv) unsafe lane change.

5.     Following the filing of Veras's second civilian complaint, Alali was primarily assigned to work in the communications room.

6.     In or about mid February 2007, Alali was allowed to resume regular duties as a patrol officer.

7.     About two weeks later, on or about February 27, 2007, a civilian complaint (#6/07) was brought against Alali in connection with a traffic stop, alleging that Alali issued a summons only because of a dispute between Alali and the complainant about construction/renovation work that the complainant had performed on an apartment owned by Alali.

8.     On or about July 31, 2007, Alali received a civilian complaint (#17/07), alleging that he was rude and discourteous to a motorist during a traffic stop.

9.     On or about August 3, 2007, Alali received another civilian complaint (#18/07), again alleging that Alali was rude and discourteous to a motorist during a traffic stop.

10.     There have been two recent disciplinary proceedings against Officer Alali.

11.     The first proceeding stems from charges preferred on February 15, 2007. These

- 2 -

charges address an incident that occurred in June 2006 in which Alali was charged with driving recklessly in response to a call for assistance, even though all officers were advised to disregard the call. The charges also included allegations that Alali was off post numerous times, failed to respond properly to the radio and did not properly maintain his memo book.

12.    The hearings on these charges commenced in May 2007 and ended in November 2007.

13.    On September 11, 2007, during the pendency of the hearings on the first set of charges, a second set of disciplinary charges was preferred against Officer Alali. The second set of charges alleged that Alali was off post and failed to respond properly to a radio call, that he failed to properly maintain his memo book, and that he violated sick leave policy by leaving his home while out on sick leave without first notifying the Department.

14.    On March 29, 2008, the hearing officer assigned to hear and report on the first set of disciplinary charges issued a report recommending that Alali be found guilty on all charges and recommending a penalty of a suspension without pay for 30 days.

15.    On April 3, 2008, the hearing on the second set of charges commenced before a separate hearing officer. The hearing continued on April 27, 2008, and has yet to conclude.

16.    On May 5, 2008, Commissioner Patrick Carroll adopted the report and recommendation from the hearing officer in the first set of charges and imposed a penalty of suspension without pay for 30 days.

- 3 -

2000155.1

Gary Robinson

Sworn to before me this
27⁴ᵗʰ day of May 2008

Notary Public

GARY K. LOOMBA
Notary Public, State of New York
No. 60-5006806
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires Jan. 11, 20__

- 4 -

2000155.1