UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARAZ ALALI,

                            Plaintiff,

    - against -

ALBERTO DeBARA, individually, *et al.*,

                            Defendants.
------------------------------------------------------------------x
ARAZ ALALI,

                            Plaintiff,

    - against -

CITY OF NEW ROCHELLE, N.Y., *et al.*,

                            Defendants.
------------------------------------------------------------------x
ARAZ ALALI,

                            Plaintiff,

    - against -

CITY OF NEW ROCHELLE, N.Y., *et al.*,

                            Defendants.
------------------------------------------------------------------x

07 Civ. 2916 (CS)

**ORDER**

07 Civ. 9912 (CS)

**ORDER**

08 Civ. 4273 (CS)

**ORDER**

Seibel, J.

The above-captioned actions are closely related civil-rights lawsuits involving allegations of employment discrimination committed by the City of New Rochelle, N.Y. ("New Rochelle") and various individual police officers in the New Rochelle Police Department. Plaintiff Araz Alali commenced his first action on February 21, 2007 (07-cv-01296, "Alali I"), alleging that New Rochelle, Captain Robert Gazzola, and Commissioner Patrick J. Carrroll subjected him to discriminatory treatment on the basis of his national origin, ethnicity and/or color in violation of 42 U.S.C. §§ 1981, 1983, 2000e *et seq.* (Alali I, Doc. 1). All claims against Defendants were dismissed on January 31, 2008, (Alali I, Doc. 20), and Plaintiff filed a notice of appeal on February 29, 2008. (Alali I, Doc. 21).

Plaintiff commenced a related action on April 11, 2007 (07-cv-02916, "Alali II"), alleging that Defendants, New Rochelle, Lieutenant Alberto DeBara, Sergeant Kyle Wilson, Sergeant Edward Austin, Lieutenant George Marshall, Sergeant Humberto Morrell, Sergeant Matthew Brady, Deputy Commissioner Anthony Murphy, Captain Robert Gazzola, and Commissioner Patrick J. Carroll subjected him discriminatory treatment on the basis of his national origin, ethnicity and/or color and entered into a retaliatory plan against him as a proximate result of his filing of Alali I. (Alali II, Doc. 1). On May 30, 2008, Defendants filed a motion for summary judgment on the grounds of qualified immunity. (Alali II, Doc. 32). Plaintiff filed an opposition to that motion on August 15, 2008. (Alali II, Doc. 42). This Court granted an extension of time to file a reply, which is now due on September 17, 2008. Oral argument on the summary judgment motion is scheduled for September 26, 2008.

Plaintiff filed another related action on November 9, 2007 (07-cv-09912, "Alali III"), alleging that Defendant New Rochelle subjected him to discriminatory treatment on the basis of his national origin, ethnicity and/or color and retaliated against him following the filing of Alali I and Alali II. (Alali III, Doc. 1). By letter dated May 16, 2008, Plaintiff requested and was granted an extension for the completion of discovery until 90 days after this Court's decision on Defendant's motion for summary judgment in Alali II. (Alali III, Doc. 6).

Plaintiff filed yet another related action on May 6, 2008 (08-cv-04273, "Alali IV"), alleging that Defendant New Rochelle subjected him to disparate treatment by imposing a sixty day payless suspension, which Plaintiff claims was motivated by reason of his national origin, assertion of his rights pursuant to Title VII, and/or his whistle-blowing with regard to departmental corruption. Plaintiff further alleges that the prospective exercise of his First Amendment rights were chilled by Defendant's actions. (Alali IV, Doc. 1).

"A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citing *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)). Rule 42(a) provides that a court may order actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). In determining the propriety of consolidation, district courts have "broad discretion," *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997), and consolidation is favored where supported by "considerations of judicial economy." *Johnson v. Celotex Corp.*, 899 F.2d. 1281, 1285 (2d Cir. 1990).

The above-captioned actions are based on overlapping factual allegations and involve many of the same parties. Consolidation of these actions will avoid unnecessary cost or delay,

will not prejudice Plaintiff, and will otherwise promote judicial economy. Accordingly, these cases are *sua sponte* consolidated for pretrial purposes. The caption of these consolidated actions shall hereinafter be referred to as "Alali v. City of New Rochelle, N.Y., *et al.*". All relevant documents and submissions shall be maintained as one file under Master File No. 07 Civ. 2916 (CS).

**SO ORDERED.**

Dated: September 17, 2008
       White Plains, New York

                                            _____
                                            CATHY SEIBEL, U.S.D.J.